IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILDEARTH GUARDIANS, CENTER FOR NATIVE ECOSYSTEMS, BORN FREE USA UNITED WITH ANIMAL PROTECTION INSTITUTE, ANIMAL PROTECTION OF NEW MEXICO AND CARSON FOREST WATCH, <br><br> Plaintiffs <br><br> v. <br><br> H. DALE HALL, U.S. FISH AND WILDLIFE SERVICE, DIRK KEMPTHORNE, AND THE U.S. DEPARTMENT OF THE INTERIOR, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. <br> 1:08-cv-00676-RMU |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The Defendants, H. Dale Hall, the U.S. Fish and Wildlife Service ("FWS"), Dirk Kempthorne, and the U.S. Department of the Interior, hereby answer the allegations of the numbered paragraphs of the Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint") as follows. Any allegation that is not specifically admitted is hereby denied. All numbered paragraphs correspond to the numbered paragraphs in Plaintiffs' Complaint.

INTRODUCTION

1.  The allegations in paragraph 1 purport to characterize Plaintiffs' cause of action and do not require a response.

2.  The allegations in paragraph 2 purport to characterize Plaintiffs' cause of action and do not require a response.

3. Defendants deny the allegations in paragraph 3.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 constitute legal conclusions that do not require a response.

5. The allegations in paragraph 5 constitute legal conclusions that do not require a response.

6. The allegations in paragraph 6 constitute legal conclusions that do not require a response.

7. The allegations in paragraph 7 constitute legal conclusions that do not require a response.

8. The allegations in paragraph 8 constitute legal conclusions that do not require a response.

## PARTIES

9. Defendants admit WildEarth petitioned FWS to protect lynx in New Mexico in early August, 2007. The Defendants are without sufficient knowledge or information to form an opinion as to the truth of the other allegations contained in paragraph 9 and on that basis deny them.

10. Defendants admit CNE petitioned FWS to protect lynx in New Mexico in early August, 2007. The Defendants are without sufficient knowledge or information to form an opinion as to the truth of the other allegations contained in paragraph 10 and on that basis deny them.

11. The Defendants are without sufficient knowledge or information to form an opinion as to the truth of the allegations contained in paragraph 11 and on that basis deny them.

12. The Defendants are without sufficient knowledge or information to form an opinion as to the truth of the allegations contained in paragraph 12 and on that basis deny them.

13. The Defendants are without sufficient knowledge or information to form an opinion as to the truth of the allegations contained in paragraph 13 and on that basis deny them.

14. With respect to the allegations contained in the first two sentences of paragraph 14, the Defendants are without sufficient knowledge or information to form an opinion as to the truth of the allegations and on that basis deny them.  With regard to the allegations contained in the third sentence, Defendants admit that lynx are not protected under the ESA or by New Mexico laws. Defendants deny all other allegations contained in the third sentence.  Defendants deny the allegations contained in the fourth sentence.

15. The allegation contained in the first sentence of paragraph 15 purports to characterize Plaintiffs' cause of action and does not require a response.  Defendants admit the allegations contained in the second sentence of paragraph 15.

16. Defendants admit the allegations contained in paragraph 16.

17. The allegation contained in the first sentence of paragraph 17 purports to characterize Plaintiffs' cause of action and does not require a response.  Defendants admit the allegations contained in the second sentence of paragraph 17.

18. Defendants admit the allegations contained in paragraph 18.

## BACKGROUND

19. The allegations in paragraph 19 purport to characterize 65 Fed.Reg. 16,052.  65 Fed.Reg. 16,052 speaks for itself and is the best evidence of its content.  Any allegations contrary to its plain language and meaning are denied.

20.     Defendants admit the allegations contained in paragraph 20.

21.     Defendants admit the allegations contained in paragraph 21.

22.     Defendants admit the allegations contained in the first and third sentences of paragraph 22 and admit that snowshoe hares comprise a large percentage of the lynx's diet throughout the range. Defendants deny the remaining allegations contained in the second sentence.

23.     The Defendants are without sufficient knowledge or information to form an opinion as to the truth of the allegations contained in paragraph 23 and on that basis deny them.

24.     Defendants deny that lynx historically occurred in north-central New Mexico and admit the other allegations contained in paragraph 24.

The Lynx's Southern Rocky Mountain Geographic Area

25.     The allegations in paragraph 25 characterize the Lynx Conservation Assessment and Strategy ("LCAS"). LCAS speaks for itself and is the best evidence of its content. Any allegations contrary to its plain language are denied.

26.     Defendants admit the allegations contained in paragraph 26.

27.     Defendants admit the allegations contained in paragraph 27.

28.     Defendants admit the allegations contained in paragraph 28.

29.     With respect to the allegations contained in the first sentence of paragraph 29, Defendants admit the allegations except that Defendants deny the Southern Rockies' subalpine and upper montana forest zones, interspersed with lower montane zones provide outstanding lynx habitat. Defendants admit the allegations contained in the second sentence of paragraph 29.

30.     Defendants admit the allegations contained in paragraph 30.

31.     The allegations contained in paragraph 31 contain legal conclusions to which no response

is required.

32. Defendants admit the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants admit the allegations contained in paragraph 35.

36. Defendants admit the allegations contained in sentences one and two of paragraph 36. The Defendants are without sufficient knowledge or information to form an opinion as to the truth of the allegations contained in sentence three of paragraph 36 and on that basis deny them.

37. Defendants admit the allegations contained in paragraph 37.

38. Defendants admit the allegations contained in paragraph 38.

39. Defendants admit the allegations contained in paragraph 39.

40. Defendants admit the allegations contained in paragraph 40.

41. Defendants admit the allegations contained in paragraph 41.

42. Defendants admit the allegations contained in paragraph 42.

43. Defendants admit the allegations contained in paragraph 43.

44. Defendants admit the allegations contained in paragraph 44.

45. Defendants admit the allegations contained in paragraph 45.

46. Defendants admit the allegations contained in paragraph 46.

47. Defendants admit the allegations contained in paragraph 47.

48. The allegations contained in paragraph 48 characterize statements from the Colorado Division of Wildlife ("CDOW"). CDOW's statements speaks for themselves and are the best

evidence of its content. Any allegation contrary to their plain language and meaning is denied.

49.    Defendants admit the allegations contained in paragraph 49.

50.    The allegations contained in paragraph 50 characterize statements from the CDOW. CDOW's statements speaks for themselves and are the best evidence of its content. Any allegation contrary to their plain language and meaning is denied.

The FWS's Refusal to Provide ESA Protective Status to Lynx in Northern New Mexico

51.    Defendants admit that ESA protections do not extend to lynx in New Mexico. Defendants deny the remaining allegations contained in paragraph 51.

52.    The allegations contained in paragraph 53 characterize the FWS's July 3, 2003 Clarification of Findings. FWS's July 3, 2003 Clarification of Findings speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

53.    The allegations contained in paragraph 53 characterize the FWS's July 3, 2003 Clarification of Findings. FWS's July 3, 2003 Clarification of Findings speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

54.    Defendants deny the allegations contained in paragraph 54.

55.    The allegations contained in paragraph 55 characterize the List of Mammals of New Mexico. The List of Mammals of New Mexico speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

56.    The allegations contained in paragraph 56 characterize a January 2, 2004 letter. The January 2, 2004 letter speaks for itself and is the best evidence of its content. Any allegation

contrary to its plain language and meaning is denied.

57.     Defendants admit the allegations contained in paragraph 57.

58.     Defendants admit the allegations contained in paragraph 58.

59.     The allegations contained in paragraph 59 characterize the Petition. The Petition speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

60.     The allegations contained in paragraph 60 characterize the Petition. The Petition speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

61.     The allegations contained in paragraph 61 characterize the Petition. The Petition speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

62.     The allegations contained in paragraph 62 characterize the Petition. The Petition speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

63.     The allegations contained in paragraph 63 characterize the Petition. The Petition speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

64.     Defendants admit the allegations contained in paragraph 64.

65.     The allegations contained in paragraph 65 characterize an August 24, 2007 letter from FWS to Plaintiffs. The August 24, 2007 letter from FWS to Plaintiffs speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

66. The allegations contained in paragraph 66 characterize a January 22, 2008 sixty-day notice of intent to sue. The January 22, 2008 sixty-day notice of intent to sue speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

67. The allegations contained in paragraph 67 characterize a February 7, 2008 letter from FWS to Petitioners. The February 7, 2008 letter from FWS to Petitioners speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

68. The allegations contained in paragraph 68 characterize a March 12, 2008 letter from Petitioners. The March 12, 2008 letter from Petitioners speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

69. The allegations contained in paragraph 69 characterize a March 17, 2008 e-mail message from FWS. The March 17, 2008 e-mail message from FWS speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

70. Defendants admit the allegations contained in paragraph 70.

## CLAIM FOR RELIEF

### COUNT 1

71. Defendants incorporate by reference each and every answer to the allegations contained in Plaintiffs' Complaint.

72. The allegations in this paragraph purport to characterize 16 U.S.C. § 1533(b)(3)(A) and 50 C.F.R. § 424.14. 16 U.S.C. § 1533(b)(3)(A) and 50 C.F.R. § 424.14 speaks for themselves and are the best evidence of their content. Any allegation contrary to their plain language and

meaning is denied.

73. The allegations in this paragraph characterize Plaintiffs' petition to list lynx in New Mexico. Plaintiffs' petition speaks for itself and is the best evidence of its content. Any allegation contrary to its plain language and meaning is denied.

74. Defendants admit the allegations contained in paragraph 74.

75. Defendants deny the allegations contained in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

## RELIEF

77. Defendants incorporate by reference each and every answer to the allegations contained in Plaintiffs' Complaint.

78. The allegations in this paragraph and that are lettered A through F constitute Plaintiffs' characterization of the relief it seeks, to which no response is required. To the extent an answer is required, Defendants deny that Plaintiffs are entitled to the relief it seeks or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.